**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDY SORIANO-CRUZ, | No. 15-73557 |
| Petitioner, | Agency No. A087-749-906 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022**
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Fredy Soriano-Cruz seeks review of a decision of the Board of Immigration

Appeals (BIA) dismissing his administrative appeal of an Immigration Judge's (IJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying his applications for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

Substantial evidence supports the agency's determination that Soriano-Cruz's proposed social group of "Americanized Mexicans returning to Mexico" is not cognizable because it lacks particularity and social distinction. Soriano-Cruz failed to introduce evidence to show that the group shares an innate characteristic or a voluntary association that would link members. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (rejecting the proposed social group "returning Mexicans from the United States"); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting the proposed social group "those returning home [to Mexico] who appear to be American"). Even if broad categories of individuals (such as victims of gangs) could be deemed members of a particularized social group under some circumstances, *see Henriquez–Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013), Soriano-Cruz has not provided any evidence that he would be recognized or targeted in Mexico because of his American traits. Therefore, the agency did not err in relying on *Delgado-Ortiz v. Holder*, 600 F.3d at 1151–52, and rejecting the claim for withholding of removal.

We likewise reject Soriano-Cruz's argument that remand is necessary in light of *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Although

2

the BIA erred in indicating that an alien seeking withholding of removal would have to show that a protected ground was "one central reason" for persecution, *see id.*, this error was harmless because Soriano-Cruz failed to show persecution on account of *any* protected ground, *see Khudaverdyan v. Holder*, 778 F.3d 1101, 1107 n.3 (9th Cir. 2015).

Substantial evidence supports the agency's finding that Soriano-Cruz failed to meet his burden to show that it was more likely than not he would be tortured with the acquiescence of the Mexican government. The country conditions in the record demonstrate that the Mexican government has taken steps to combat government corruption and organized crime, and there is a lack of evidence in the record that Soriano-Cruz would be singled out for torture. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) ("While [a petitioner] need not show that the torture he fears would be 'on account of' . . . [a] particular social group, he must still provide some reason to think that he is likely to be tortured by the actors he fears."). Therefore, the agency did not err in rejecting the claim for CAT protection.

**PETITION DENIED.**